IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHIE W. CORLEY, an individual,

    Plaintiff,

  v.

KINDER MORGAN, INC., a Kansas corporation, and DOES 1–25,

    Defendants.
                                      /

No. C 12-03209 WHA

**ORDER DENYING KINDER MORGAN'S MOTION TO TRANSFER VENUE AND VACATING HEARING**

**INTRODUCTION**

In this employment-discrimination action, defendant Kinder Morgan, Inc., moves to transfer venue under 28 U.S.C. 1404(a) to the Eastern District of California. For the reasons stated below, Kinder Morgan's motion to transfer is **DENIED.**

**STATEMENT**

Kinder Morgan is an energy company that is incorporated in Kansas with a principal place of business in Houston. Richie W. Corley was employed, primarily as a pipeliner, with Kinder Morgan from 2006 to 2012. Corley was hired by Kinder Morgan's Richmond facility in 2006 and was transferred to Kinder Morgan's Rocklin facility a few months later. Corley worked out of the Rocklin facility from 2006 until sometime after October 2011 when he was transferred to Kinder Morgan's Concord facility. Corley alleges while at the Rocklin facility, beginning in March 2011, he was approached by his managers and told to look for a

1 new line of work at a different company (Compl. ¶ 22).  According to the complaint, after
2 several meetings and daily reminders to look for another job, he felt that his work environment
3 had become hostile and so he contacted human resources (Compl. ¶ 27).  Corley then filed a
4 charge of discrimination with the California Department of Fair Employment and Housing and
5 the federal EEOC (Compl. ¶ 30).  According to the complaint, he was cut off from his normal
6 duties and moved to Kinder Morgan's Concord facility at the end 2011.  Corley was terminated
7 shortly after his transfer to Concord.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).  This section's purpose is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988). The district court must consider both public factors which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### 1. CONVENIENCE AND FAIRNESS FACTORS.

The district court must consider private convenience and fairness factors, including ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses.

The first factor largely involves the location of relevant sources of proof. With technological advances in document storage and retrieval, transporting documents does not generally create a burden. *Vitria Tech. Inc. v. Cincinnati Ins. Co.*, 2005 WL 2431192, *3 (N.D. Cal. 2005) (Ware, J.).  Kinder Morgan argues that most of the evidence related to Corley's claims, specifically documents concerning Corley's employment, are located in Orange, California in the Central District of California.  Kinder Morgan further contends Corley's doctor

and medical records are located in Vacaville. Additionally, according to Kinder Morgan, the location of two work sites related to the lawsuit are located in Reno in the District of Nevada and the Sacramento-Rocklin area in the Eastern District of California. It is unclear, however, that a physical inspection of the work sites is necessary to try this case. Additionally, Kinder Morgan does not contend that it would be an undue burden to transport relevant documents. Accordingly, the location of sources of proof favors transfer only slightly.

The general rule is that a plaintiff's choice of forum is afforded substantial weight. *Decker*, 805 F.2d at 843. Despite this, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (Walker, J.). Corley resides in Vacaville, which is located in the Eastern District of California. Based on the complaint, it appears most employment-related events relevant to the litigation occurred while Corley was employed at Kinder Morgan's Rocklin facility located in the Eastern District of California. Because Corley is not a resident of this district and the majority of events giving rise to the case did not occur here, Corley's choice of forum is afforded only some deference.

As to the convenience to the parties, Kinder Morgan points out that its relevant office is located in Rocklin. Additionally, Corley resides in Vacaville. Both Rocklin and Vacaville are in the Eastern District of California and are closer in proximity to the Eastern District's Sacramento division than to the Northern District's San Francisco division. Both parties, however, reside near this district. The comparative proximity to Sacramento is minimal and San Francisco, like Sacramento, is within driving distance of Rocklin and Vacaville. It will not be hard on any party to attend court in San Francisco. Furthermore, counsel for both Corley and Kinder Morgan are located in San Francisco. Most hearings will be attended by counsel only and it will save counsel's time and money to keep this action in San Francisco.

Finally, convenience to potential witnesses must be considered. Although discovery is at an early stage, both parties have indicated at least some individuals that will likely be called as witnesses. Corley argues that two potential witnesses reside in the Northern District.

1  Kinder Morgan has named six witnesses, five of whom reside in the Eastern District of
2  California and will testify to facts central to this case.  Three of the six witness named by
3  Kinder Morgan are also mentioned in the complaint and appear to be central to the litigation.
4  As discussed, because of the proximity of San Francisco to the Eastern District it will not be
5  hard for a witness to travel to San Francisco.  The Court is certain that witnesses will be equally
6  willing to appear in San Francisco as they would be in Sacramento.  On the whole, the
7  convenience to witnesses only slightly favors transfer.

### 2.    INTEREST OF JUSTICE.

A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. *Decker Coal*, 805 F.2d at 843.  Kinder Morgan contends that both districts are equally familiar with the applicable law as both are in the Ninth Circuit.  Additionally Kinder Morgan argues that the local interests favor transfer because Corley, the relevant Kinder Morgan facility and the facts giving rise to this litigation are linked to the Eastern District.  This may be accurate, however, but the degree of court congestion strongly supports keeping this action in the Northern District.

Contrary to Kinder Morgan's suggestion, the Eastern District of California is overwhelmed with cases compared to our own district.  Kinder Morgan states "the Eastern District of California is appreciably less congested than the Northern District of California . . . [t]he Northern District has an average of 7,577 filings per year . . . the Eastern District of California over the past three years had an average of 6,835 filings per year (Br. 15)." What Kinder Morgan conveniently leaves out is our district has more judges, fourteen active judge positions in the Northern District compared to six active judge positions in the Eastern District.  *What makes matters even worse is on a weighted caseload basis the Eastern District is two times as swamped as this district*.  In 2011, the Eastern District was managing 1098 weighted filings per authorized judgeship.  As compared to the Northern District, which was managing 631 weighted filings per authorized judgeship.  *See* United States District Court

Judicial Caseload Profile, *available at* http://www.uscourts.gov/Statistics.  Furthermore, because of this bone-crushing load, Chief Judge Alex Kozinski requested district judges elsewhere in the Ninth Circuit to assist the Eastern District by taking prisoner cases filed there.  The undersigned judge has done so and took ten cases in order to relieve the load on colleagues in the Eastern District.  Therefore, from the point of comparative caseloads, the instant action should clearly stay in the Northern District.  Of course, our own district is one of the busiest in the nation but the Eastern District is even busier.

For these principal reasons Kinder Morgan's motion to transfer venue is **DENIED**.

## CONCLUSION

For the above-stated reasons, Kinder Morgan's motion to transfer venue to the Eastern District of California is **DENIED**.  The hearing schedule for October 25, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE